UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ROBERT SKUL, | ) | CASE NO.  5:07 CV 0601 |
| | ) | |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Robert Skul's Petition to Quash Summons. Mr. Skul seeks an order from this court quashing three summonses issued by the Commissioner of Internal Revenue on February 5, 2007.  For the reasons set forth below, the petition is denied.

A review of the attachments to the petition indicates that the Internal Revenue Service (I.R.S.) issued three summonses on February 5, 2007 to: Greenpoint Mortgage Funding, Inc. in Columbus, Georgia, Kimco Realty Corporation in New Hyde Park, New York and the Bankers Guarantee Title & Trust in Fairlawn, Ohio.  The summonses were issued "In the matter of Robert J. Skul, 5555 Holmes Drive, NW, Canton, Ohio 44718-1607."  It is Mr. Skul's contention that the summonses must be quashed because the I.R.S. lacks subject matter jurisdiction.  He adds that the I.R.S. investigation does not serve a "legitimate purpose" and that the information the I.R.S. is seeking is already in the possession of the Commissioner for Internal Service.  Allowing the parties to respond to the summonses "would amount to an unnecessary examination."  (Pet. at 1.)

*Internal Revenue Service*
*Third Party Review*

The I.R.S. is authorized, by statute, to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. 26 U.S.C. § 7602(a). In that regard, the I.R.S. may serve a summons upon a third-party record keeper such as a bank or other financial institution in order to obtain financial records or information regarding a person who is the subject of an investigation by the I.R.S. 26 U.S.C. § 7609(a). It appears that Mr. Skul is the subject of an I.R.S. investigation. Thus, when the I.R.S. served a summons on a third-party record keeper, Mr. Skul was entitled to notice that a summons had been served. Id.; Clay v. United States, 199 F.3d 876, 878 (6th Cir.1999).

Once notice has been received by the party who is the subject of an investigation, that party may contest the summons by filing a petition to quash the summons within twenty days of the date on which notice of the summons was "mailed by certified or registered mail to him by the I.R.S." Shisler v. United States, 199 F.3d 848, 850 (6th Cir.1999); see also 26 U.S.C. § 7609(b)(2)(A). "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine" a petition to quash a summons issued by the I.R.S. to a third-party record keeper. 26 U.S.C. § 7609(h)(1); Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995); Deal v. United States, 759 F.2d 442, 443-44 (5th Cir.1985); Masat v. United, 745 F.2d 985, 987-88 (5th Cir.1984).

As a threshold matter, Mr. Skul has failed to proffer any legal basis upon which this court should grant his motion to quash. Moreover, the Sixth Circuit has followed the Ninth, Tenth, and Eleventh Circuits in holding that in order to comply with the requirements of 26 U.S.C. § 7609(b)(2)(A), a taxpayer's motion to quash an I.R.S. third-party recordkeeper summons

2

must be filed within twenty days from the date notice of the summons and the right to file a petition to quash is mailed to the taxpayer by the I.R.S.  This twenty-day limit must be strictly construed because it is a condition precedent to the United States' waiver of sovereign immunity. Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985).  Here, it appears Mr. Skul did not file a petition to quash until the 23rd day after notice was given.  He has failed, therefore, to comply with the twenty-day filing requirement of section 7609(b)(2)(A), and this court does not have jurisdiction.

Even if Mr. Skul timely filed his petition, this court lacks personal jurisdiction over Greenpoint Mortgage Funding, Inc. and  Kimco Realty Corporation.  This is not the district court within which either of those parties to be summoned resides.  26 U.S.C. §  7609(h)(1).

For the reasons set forth above, petitioner's Petition to Quash Summons is denied and this case is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: April 16, 2007                                s/John R. Adams
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE

---

[1]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3